## Masontown Lodge No. 744 License

Before Carr, P. J., Morrow and Cottom, JJ.

*James A. Reilly*, for appellant.

CARR, P. J., November 28, 1947.—This is one of seven appeals now before us from the refusal of the Liquor Control Board to grant licenses to clubs located in municipalities in which the number of existing licensed places already exceeds the limitation prescribed by the Liquor License Quota Act of June 24, 1939, P. L. 806, 47 PS §744-1001. The appellants all contend that the Quota Act does not restrict the number of licenses that may be issued to clubs.

This court has twice ruled against the contention of appellants, first in Francesco Fiorentino-Concordia No. 454's License, 44 D. & C. 29, and again in In the Matter of the Refusal of a Catering Club License to Fairhope Rod and Gun Club, Inc., 5 Fayette 190. We held in those cases, in accord with an official ruling of

the Attorney General in Club Liquor License Quota, 36 D. & C. 225, that no new club license may be granted so long as the number of licenses of any class outstanding, exclusive of licenses previously granted to hotels and clubs, is in excess of one license for each 1,000 inhabitants. Nothing has since occurred to change our opinion. On the contrary, the legislature at this year's session has clearly confirmed its correctness by the passage of Senate Bill No. 814, specifically exempting veterans' clubs from the limitations of the Quota Act for a period of 18 months, which bill, however, the Governor vetoed on constitutional grounds. Manifestly, as Judge Evans, of the Court of Quarter Sessions of Erie County, has pointed out in Canteen Athletic Club's Appeal, 60 D. & C. 631, such action is, in effect, a legislative declaration that all clubs are regarded as within the provisions of the Quota Act and subject to the limitations therein prescribed. Indeed, it seems obvious to us that the purpose of the legislature to limit the number of licensed places in a community would be largely defeated if, though individuals could no longer get licenses because the quota was full, groups of individuals on forming a club or society could get them without limitation. Whatever inequalities are thought to result from the operation of the statute constitute a problem for the legislature rather than for the courts. We can only apply the law as it is written as we understand it.

## Order

And now, November 28, 1947, upon consideration of the foregoing case, the order of the Liquor Control Board dated May 15, 1947, refusing to issue a club liquor license to Masontown Lodge No. 744, Loyal Order of Moose for premises located at No. 8 North Main Street, in the Borough of Masontown, is hereby sustained, and the appeal dismissed at the cost of appellant.